IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **OBIEKWE STEPHEN OKWUDIL UGOCHUKWU,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**FRED BALLARD,** *et al.*, )<br>)<br>**Defendants.** ) | **CIVIL NO. 06-443-MJR** |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, formerly a detainee in the Tri-County Detention Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

In October 2005, an altercation arose among several detainees stemming from a disagreement over the location of the television remote control. Plaintiff claims that he tried to intercede in this disagreement, but somehow he was caught in the fray and assaulted by two other inmates. Although Plaintiff explained his version of events to Defendants, he was placed in segregation, as were the other detainees involved in the incident.

Plaintiff alleges that Defendants were aware that some detainees in his housing pod had violent tendencies. Plaintiff is correct in his assertion that prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Farmer v. Brennan,* 511 U.S. 825, 833 (1994); *Luttrell v. Nickel,* 129 F.3d 933, 935 (7th Cir. 1997). However, not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for the prisoner's safety. *Farmer,* 511 U.S. at 834. In order for a plaintiff to succeed on a claim for failure to protect, he must show that he is incarcerated under conditions posing a substantial risk of serious harm, and that the defendants acted with "deliberate indifference" to that danger. *Id.; Reed v. McBride,* 178 F.3d 849, 852 (7th Cir. 1999). A plaintiff also must prove that prison officials were aware of a specific, impending, and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat to his safety. *Pope v. Shafer,* 86 F.3d 90, 92 (7th Cir. 1996). In other words, Defendants had to know that there was a substantial risk that those who attacked Plaintiff would do so, yet failed to take any action. *Sanville v. McCaughtry,* 266 F.3d 724, 733-34 (7th Cir. 2001). Moreover, a "mere possibility of violence" or the occurrence of a random act of violence is not sufficient to impose liability on prison officials. *See Estate of Davis v. Johnson,* 745 F.2d 1066, 1071 (7th Cir. 1984); *Ward v. Thomas,* 708 F.Supp. 212, 214 (N.D.Ill. 1989).

In this case, there is no suggestion that Defendants were aware of any specific threat to

Plaintiff by these other detainees. In fact, Plaintiff makes no allegation that he, himself, had any reason to fear for his safety from these particular detainees. Therefore, he has failed to state a claim upon which relief may be granted.[1]

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED this 26th day of July, 2007.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**

---

[1] Plaintiff also makes reference to an unjustified disciplinary proceeding that resulted from this incident. However, he provides no information about what charges were levied against him, nor what consequences he suffered as a result. Furthermore, his conclusory paragraphs in the complaint make reference only to his Eighth Amendment claim regarding the assault. Accordingly, the Court does not construe the complaint as presenting any claim with respect to any disciplinary proceeding.